Martínez Torres, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Debemos resolver si el Procurador para Asuntos de Menores tiene que ser notificado de un proceso que intenta cambiar o cancelar la medida dispositiva ya impuesta al menor por parte del tribunal. Entendemos que por ser el Procurador un Fiscal Auxiliar del Tribunal de Primera Instancia, designado exclusivamente a los asuntos que enmarca la Ley de Menores, debe formar parte activa en dicho proceso.
I
Luego que el menor R.E.P. aceptó los hechos que se le imputaron sobre agresión simple y robo, y el tribunal se cercioró que dicha aceptación fue voluntaria e inteligente, se le fijó la medida dispositiva. Como parte de la misma se le impuso un término en probatoria de seis meses por la querella de agresión simple y doce meses por la de robo. Ambas medidas debían ser cumplidas consecutivamente para un total de dieciocho (18) meses. También se dispuso que el menor debía cumplir todas las condiciones de prueba, que incluían asistir a cualquier programa o agencia al cual fuera referido y estar en su hogar antes de las 5:00 de la tarde.
*751 En la vista de revisión señalada para el 2 de abril de 1996, la trabajadora social de la División Social del Tribunal de Primera Instancia, Silma Barbot, rindió un informe que aconsejaba que el menor permaneciera en libertad a prueba. Se señaló en esa fecha la próxima vista de revisión para el mes de octubre. Mientras tanto, la trabajadora social Silma Barbot solicitó del tribunal que autorizara, a petición de la madre, que el menor se trasladara al estado de Florida a vivir con su padre. Respondiendo a dicha petición, el 12 de junio de 1996, el Tribunal de Primera Instancia dictó una orden mediante la cual aceptó la petición de la trabajadora social y ordenó a la División Social del tribunal obtener la autorización de la madre del menor por escrito. El 19 de junio de 1996, el Tribunal de Primera Instancia (Hon. Lorenzo O. Gabán Arocho, Juez) dictó una orden en la que autorizó al menor a irse a vivir con su padre al estado de Florida.
La Procuradora para Asuntos de Menores presentó una moción informativa para consignar que no había sido notificada de la petición de la trabajadora social. Reiteró en dicha moción su derecho a ser informada y a tomar parte en cualquier decisión referente al menor. A esta moción, el Tribunal de Primera Instancia contestó "No Ha lugar". El tribunal entendió que tenía total autoridad y responsabilidad sobre el menor en probatoria y que la autoridad de la Procuradora para Asuntos de Menores está limitada por la Ley de Menores. De esta resolución acudió ante nos el Pueblo de Puerto Rico, representado por el Procurador General.
El 15 de agosto de 1996 concedimos treinta días a la representación legal del menor R.E.P. para que se expresara acerca de lo planteado por el Procurador General. Compareció su antiguo abogado, el Ledo. Flavio Luis Lugo Ortiz, de la Corporación de Servicios Legales de Puerto Rico, quien nos informó que desconoce el paradero del menor. Posteriormente, el 15 de noviembre, nos aclaró que fue relevado por el foro de instancia como abogado de R.E.P. Señaló el Ledo. Lugo Ortiz que al Procurador General "en términos técnicos procesales le asiste la razón pero entendemos también que al menor se le debe proteger del excesivo rigor de la ley de menores." Réplica a Petición de Certiorari, pág. 2.
n
En relación al otro menor, E.V.G., la situación es similar, aunque como veremos más adelante, con consecuencias menos lesivas al interés de parens patriae del Pueblo de Puerto Rico. El menor, de igual forma, aceptó sus infracciones y el tribunal le impuso como medida dispositiva seis meses en probatoria, a cumplirse de forma consecutiva con otra medida que le había sido impuesta previamente. El tribunal apercibió a este menor que de incumplir con las condiciones de libertad a prueba sería ingresado en una institución juvenil. También le fue señalada una vista de revisión para el 14 de noviembre de 1996.
En este caso, el 12 de junio de 1996, el Tribunal de Primera Instancia autorizó mediante orden que el menor hiciera un viaje fuera de Puerto Rico, según la petición que hiciera la trabajadora social. La procuradora también se opuso a esta orden alegando que no había sido notificada del proceso en el cual se modificó la medida dispositiva que concernía a este menor. De igual forma, el tribunal entendió que tenía total autoridad y responsabilidad sobre dicho menor y que la autoridad del procurador es limitada.
De esta resolución también recurrió ante nos el Pueblo de Puerto Rico, representado por el Procurador General, alegando que erró el tribunal al hacer esta determinación sobre su ingerencia en el caso de ambos menores. Al igual que en el caso de R.E.P., le requerimos a la representación legal de E.V.G. que se expresara sobre los méritos del recurso. Esta señaló que el viaje del menor sirvió un fin rehabilitativo pues el menor cambió de ambiente y estuvo trabajando con su padre en una fábrica. Entendemos, no obstante, que incidió el foro de instancia pues la Procuradora para Asuntos de Menores debió ser notificada de las peticiones que hizo la trabajadora social, ya que la representante del Estado forma parte del proceso contra el menor incurso en falta.
m
El efecto adverso que el procesamiento legal ocasiona en los jóvenes obliga a que, como parte del interés de parens patriae del Estado, la Rama Judicial intervenga como un agente de cambio y rehabilitación. Exposición de Motivos, Ley Núm. 88 de 9 de julio de 1986, conocida como la "Ley de Menores de Puerto Rico, 34 L.P.R.A. see. 2202, et seq. En busca del bienestar del menor y de lograr su rehabilitación es que una serie de personas se unen para formar parte del proceso legal. Trabajadores sociales, técnicos de familia, psicólogos y el propio sistema de justicia (jueces, procuradores y abogados) son algunos de los recursos utilizados. Uno de esos *752 recursos —el Procurador para Asuntos de Menores— se define en la ley como un "Fiscal Auxiliar del Tribunal Superior designado exclusivamente para ejercer sus funciones en los asuntos cubiertos por este Capítulo". Art. 3, Id., see. 2203(o).
La ley define las facultades y atribuciones del Procurador para Asuntos de Menores y señala a su vez que éste participará en todos los asuntos de menores ante la consideración del Tribunal:

"§ 2212. Procurador para Asuntos de Menores.

En todos los asuntos de menores ante la consideración del Tribunal participará un Procurador para Asuntos de Menores quien será exclusivamente designado para ejercer sus funciones en los asuntos cubiertos por este Capítulo.

(a) Facultades del Procurador para Asuntos de Menores. El Procurador será un Fiscal Auxiliar del Tribunal Superior, investido de todas las facultades y deberes propios de su cargo y de todas aquellas atribuciones que señala este Capítulo con el objeto de hacer válidos los preceptos y medidas en él expresados.

(b) Funciones del Procurador. - El Procurador tendrá las siguientes funciones:

(1) Efectuará la investigación de los hechos en todos los casos en que se alegue la comisión de una falta.

(2) Representará al Estado en todo procedimiento de naturaleza adversativa y presentará la evidencia que sustenta la querella.

(3) En todos los casos en que se determine causa probable radicará la querella correspondiente y referirá al menor y a sus padres o encargados al Especialista en Relaciones de Familia para el estudio y la preparación del informe social.

(4) Podrá solicitar el archivo de la querella si la misma no es legalmente suficiente para iniciar el proceso, en cuyo caso, discrecionalmente, referirá al menor, sus padres o encargados al Especialista en Relaciones de Familia para que éste les oriente respecto a las agencias u organismos sociales que puedan brindarles atención si las circunstancias así lo ameritan.

(5) Podrá efectuar acuerdos con el menor, su abogado y sus padres o encargados para solicitar del Tribunal el desvío del procedimiento de conformidad con la see. 2221 de este título.

(6)Investigará las detenciones de menores en instituciones correccionales de adultos, gestionará su excarcelación y procederá con la continuación de los procedimientos en interés del menor.

(7) Hará los arreglos necesarios para que el Juez nombre un tutor o custodio del menor cuando éste no tuviere persona alguna responsable de su custodia legal.

(8) Iniciará los procedimientos y someterá al Tribunal las peticiones sobre renuncia de jurisdicción y revocación de libertad condicional.

(9)Ejercerá cualesquiera otras funciones necesarias para el desempeño de su cargo."

Al evaluar estas facultades nos damos cuenta del rol activo que tiene la figura del Procurador para Asuntos de Menores en todo el proceso le atañe al menor. No encontramos fundamento en la ley que nos mueva a pensar que el procurador queda excluido de alguna forma de ese proceso.
La Regla 8.12 de Asuntos de Menores nos habla de las modificaciones de la medida dispositiva:

*753
"Regla 8.12. Modificación de la medida dispositiva

El menor, sus padres, encargados o representante legal, o las personas bajo cuya custodia o supervisión se encuentre el menor, podrán radicar petición fundamentada ante el Tribunal solicitando la modificación de la medida dispositiva.

Toda solicitud para que se modifique una medida dispositiva deberá ser notificada al menor, sus padres o encargados, al Procurador y al director del organismo público o privado que tuviese la custodia del menor.

Si el Tribunal entiende que la solicitud aduce fundamentos suficientes, ordenará al Técnico o al Especialista en Relaciones de Familia que realice una investigación de lo ordenado en la solicitud y rinda un informe al efecto. Se señalará una vista, con notificación a todos los interesados, para recibir prueba. Una vez celebrada dicha vista, el Tribunal resolverá si modifica la medida dispositiva.

Al modificar la medida dispositiva de custodia por una condicional, el término de la duración de la nueva medida no excederá el máximo dispuesto en la medida de custodia. El tiempo que el menor permaneció bajo custodia se descontará totalmente del término que deba cumplir al serle impuesta la medida dispositiva."

Sin duda fue una modificación de la medida dispositiva lo que ocurrió en los casos de ambos menores que nos ocupan. Entendemos que la regla es clara en cuanto a lo necesario que es notificar a todas las partes, incluso al Procurador para Asuntos de Menores, previo a una modificación de la medida dispositiva impuesta originalmente. Una decisión tan importante como enviar al menor a otra jurisdicción a vivir con su padre, constituye un cambio total a la medida dispositiva impuesta. En el caso del menor R.E.P., éste debía reportarse a programas o agencias a las que fuera referido, así como estar en su casa antes de las cinco de la tarde. Sin embargo, cuando se autorizó el traslado del menor a Florida, no se dispuso medida alguna de control y supervisión. El tribunal no puede abandonar de esa manera su deber de supervisión sobre el menor. Era necesaria la presencia de la Procuradora para Asuntos de Menores, para que como representante del Estado y recurso del tribunal, ésta velara que dicho menor cumpliera a cabalidad con su proceso rehabilitador.
De otra parte, el menor E.V.G. ya regresó a esta jurisdicción, según nos informa su representante legal en su Réplica a Petición de Certiorari, presentada el 9 de diciembre de 1996. Aun cuando el menor ya está de regreso en Puerto Rico, concluimos que de igual forma se violentó el proceso que autorizaba a cambiar la medida dispositiva que ya le había sido impuesta, aunque dicha modificación fuera temporera. Sin embargo, su regreso hace académico cualquier remedio que pudiéramos conceder, excepto la reincorporación de la medida dispositiva original, lo cual por la presente se ordena.
IV
Por todo lo expuesto, se expide el auto y se revoca la resolución emitida en el caso del menor R.E.P. En cuanto a dicho menor, quien entendemos se encuentra en el estado de Florida, devolvemos el caso al Tribunal de Primera Instancia para que éste haga las gestiones pertinentes para reafirmar su jurisdicción sobre el menor, ya sea ordenando que éste sea regresado a Puerto Rico a la mayor brevedad posible, o en la alternativa, coordinando con las agencias pertinentes en el estado de Florida el tipo de supervisión al que estará condicionado este menor mientras se encuentre con su padre. La Procuradora para Asuntos de Menores deberá ser consultada y escuchada antes que el tribunal decida cuál será el curso a seguir.
En cuanto al menor E.V.G., el Tribunal de Primera Instancia conserva su autoridad sobre el menor que ya regresó a esta jurisdicción, según dispone el Artículo 5 de la Ley de Menores, supra, sec. 2205. Se reincorpora la medida dispositiva que se dictó originalmente y se ordena al tribunal celebrar las vistas de revisión correspondientes.
Lo acordó y ordena el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
S ecretaria General